**NOT FOR PUBLICATION**

                UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY

ARTHUR L. HAIRSTON, SR.,      :
                                       Civil Action No. 08-0892 (NLH)
         Petitioner,   :

         v.                :    **OPINION**

WARDEN GRONDOLSKY, et al.,   :

         Respondents.  :

**APPEARANCES**:

Petitioner <u>pro se</u>
Arthur L. Hairston, Sr.
F.C.I. Fort Dix
P.O. Box 38
Fort Dix, NJ 08640

**HILLMAN**, District Judge

    Petitioner Arthur L. Hairston, Sr., a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Petitioner has neither prepaid the filing fee nor submitted an application for leave to proceed

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

in forma pauperis.  The named respondents are Warden Grondolsky, Pharmacy Department Fort Dix West, Central Office Medical, and Advisory Board.

Because it appears from a review of the Petition that this Court lacks jurisdiction over the Petition, it will be dismissed without prejudice.

## I.   BACKGROUND

Petitioner asserts that the Federal Bureau of Prisons' National Formulary recommends that prescription drug Elavil be crushed and administered in powdered form.  Petitioner alleges that Elavil is a timed-release medication and that administering it in crushed form destroys the intended effect of the medication.  Petitioner asserts that he has requested that the medication be administered as sold by the manufacturer, but that the respondents have refused.  Petitioner asks this Court to order the respondents to stop crushing the medication.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

### III. ANALYSIS

This court lacks jurisdiction in habeas to hear Petitioner's challenge to the policy regarding administration of Elavil in crushed form. Accordingly, the Petition will be dismissed without prejudice for lack of jurisdiction.

A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriquez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits,

Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997).  See also Wilkinson v. Dotson, 125 S.Ct. 1242 (2005).  In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action.  See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991) and cases cited therein.  See also Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 237 (3d Cir. 2005) (challenge to regulations limiting pre-release transfer to community corrections centers properly brought in habeas); Macia v. Williamson, 2007 WL 748663 (3d Cir. 2007) (finding habeas jurisdiction in challenge to disciplinary hearing that resulting in sanctions including loss of good-time credits, disciplinary segregation, and disciplinary transfer).

    The Court of Appeals for the Third Circuit has held that habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence.  See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (noting that federal prisoners may challenge the denial of parole under § 2241); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990) (challenge to BOP refusal to consider prisoner's request that state prison be designated place for service of federal sentence).

The Court of Appeals has noted, however, that "the precise meaning of 'execution of the sentence' is hazy." Woodall, 432 F.3d at 237. To the extent a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights action. See Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002). See also Ganim v. Federal Bureau of Prisons, 235 Fed.Appx. 882, 2007 WL 1539942 (3d Cir. 2007) (challenge to garden-variety transfer not cognizable in habeas); Castillo v. FBOP FCI Fort Dix, 221 Fed.Appx. 172, 2007 WL 1031279 (3d Cir. 2007) (habeas is proper vehicle to challenge disciplinary proceeding resulting in loss of good-time credits, but claims regarding sanctioned loss of phone and visitation privileges not cognizable in habeas).

Here, Petitioner's challenge to the policy regarding administration of Elavil is the type of challenge to conditions of confinement that must be brought by way of a civil rights action.

Because Petitioner has neither prepaid the $350.00 filing fee nor sought leave to proceed in forma pauperis, and because of the consequences that flow from a grant of leave to proceed in forma pauperis in a civil rights action, this Court will not construe this matter as a civil rights complaint. See 28 U.S.C. § 1915.

This Court expresses no opinion as to the merits of Petitioner's claim.

IV.   CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice for lack of jurisdiction.  An appropriate order follows.

At Camden, New Jersey              s/Noel L.  Hillman
                                   Noel L. Hillman
                                   United States District Judge

Dated:    March 3, 2008